Spencer M. Neal, OSB #77286
Deborah G. Weston, OSB #06547
OREGON LAW CENTER
921 SW Washington St. #516
Portland, Oregon 97205
(503) 295-0676 (fax)
(503) 473-8325, spencermneal@yahoo.com

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ABIE ILIAS,** | Case No. |
| Plaintiffs, | Civil Rights, 42 USC § 1983 |
| vs. | |
| **DONALD JOHNSON Dean of Students; OFFICER CHARLES LOVELL; OFFICER RON CASH,** | **Jury Trial Demanded** |
| Defendants. | |

## I. INTRODUCTION

1.1 On March 2, 2006, defendant Officers Charles Lovell and Ron Cash grabbed plaintiff Abie Ilias, placed her in handcuffs and detained her for more than an hour. The officers took these measures after hearing plaintiff's cousin tell defendant Dean of Students Donald Johnson to "shut up" and seeing the girls ignore a campus security officer's command to stop. Neither action constitutes a crime and it would have been unreasonable for the officers to believe that plaintiff had committed a crime. Defendant Dean Johnson witnessed and failed to intercede as the officers handcuffed plaintiff in front of her fellow classmates. Defendant officers threatened to "take plaintiff downtown" unless she absolved them of all fault. Through their threats, defendant

Page 1 - COMPLAINT

officers ultimately compelled plaintiff to say that she was "just having a bad day." Only then did they remove the handcuffs and release plaintiff into her mother's care. At the time of the incident, plaintiff was a sixteen (16) year-old honor student.

1.2  As a direct result of the above-mentioned events, plaintiff suffered severe emotional distress necessitating professional therapeutic care. She had difficultly sleeping because of nightmares and missed a month of school. Her grades dropped dramatically.

1.3  Plaintiff now seeks relief under 28 U.S.C. § 1983 for violations of her protected constitutional under the first and fourth amendments.

## II.  JURISDICTION

2.1  Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

## III.  PARTIES

3.1  Plaintiff Abie Ilias is an eighteen (18) year-old resident of the State of Oregon who lives with her family in Portland.

3.2  Defendant Officers Ron Cash and Charles Lovell are police officers employed by the City of Portland; at all relevant times they were acting under color of state law.

3.3  Defendant Don Johnson is Dean of Jefferson High School and is employed by the Portland City School District. At all relevant times he was acting under color of state law.

## IV.  FACTUAL ALLEGATIONS

4.1  Plaintiff Abie Ilias lives with her mother, Maribel Gomez. At the time of incident on March 2, 2006, she was an honor student in her Junior year at Jefferson High School.

4.2  On March 8, 2006, Abie and her cousin arrived late to Jefferson High School with a note from Abie's mother. Defendant Dean Don Johnson rejected the note and told the girls to go

home, suspending them for the day.

4.3   As Abie and her cousin left the detention room, Abie's cousin told defendant Johnson to "shut up" as he was making derogatory comments about them. A campus security officer told the girls to stop, but they continued down the hall to leave for home.

4.4   Defendant officers Cash and Lovell then ordered the girls to stop. Without reasonable suspicion or probable cause, the officers physically restrained Abie and her cousin and brought them back to the detention room**.**

4.5   Once in the detention room, defendant Officer Lovell ordered Abie to sit down. Abie was crying and in shock. When she didn't respond, defendant Officers Cash and Lovell each grabbed an arm, forced her arms behind her back and defendant officer Cash handcuffed her. Officer Cash or Lovell then put his hand on the back of Abie's neck and forced her into a seat.

4.6   Defendant Dean Johnson witnessed the rough treatment of Abie and watched as they placed her in handcuffs. Several of Abie's schoolmates were also present. Dean Johnson did not intervene in any way.

4.7   Ms. Gomez responded to a phone call from Abie's cousin and arrived at the school. Abie told her mother that she hadn't done anything wrong. Ms. Gomez demanded that the officers immediately release her daughter and refused to give permission for the officers to take her daughter downtown and accused them of police brutality. In response, Officer Cash threatened Ms. Gomez with arrest.

4.8   Defendant Officer Cash then took Abie, still in handcuffs, into his office and closed the door. Officer Cash then threatened Abie that he would take her downtown unless she took full responsibility for her being handcuffed by saying that she was "just having a bad day."

4.9   After approximately 25 minutes, Officer Cash transferred Abie in handcuffs out of

his office. Just in front of the entrance to the detention room, Abie agreed to say whatever she had to say so that she could be released and go home. Officer Cash removed the handcuffs and they walked into the detention room.

4.10 Once reunited with her mother and over her mother's stated objections, Abie said the words "I'm just having a bad day." Officer Cash then released her into her mother's custody, as he had promised.

4.11  As a consequence of defendants' actions, plaintiff suffered and continues to suffer severe emotional distress. As a result of the distress, her grades and school participation suffered dramatically. She missed a month of school and her grades went from mostly A's to C's and D's.

4.12  The prolonged detention and use of handcuffs was unnecessary, malicious and with reckless or deliberate disregard for plaintiff's well-established constitutional right not to be subjected to an unreasonable seizure of her person.

4.13  The prolonged detention and use of handcuffs was unnecessary, malicious and with reckless or deliberate disregard for plaintiff's well-established constitutional right not to be subjected to an unreasonable detention of her person.

4.14  The order predicating release from handcuffs on compelled speech was malicious and with reckless or deliberate disregard for plaintiff's well-established constitutional right of freedom of speech.

4.15 All three defendants acted individually or together in concert in the unreasonable detention and seizure. Defendant officer Cash acted individually in the intrusion into plaintiff's freedom of speech.

## V.  CLAIMS FOR RELIEF

5.1   Plaintiff Abie's right not to be subjected to an unreasonable seizure of her person, as

guaranteed by the Fourth Amendment to the United States Constitution, was violated for which she seeks redress pursuant to 42 USC § 1983.

5.2    Plaintiff Abie's right not to be subjected to an unreasonable detention of her person, as guaranteed by the Fourth Amendment to the United States Constitution, was violated for which she seeks redress pursuant to 42 USC § 1983.

5.3    Plaintiff Abie's right to be free from compelled speech, as guaranteed by the First Amendment to the United States Constitution, was violated for which she seeks redress pursuant to 42 USC § 1983.

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court:

6.1    Accept jurisdiction of plaintiff's federal claims;

6.2    Grant plaintiff a jury trial;

6.3    Award plaintiff compensatory damages from the defendants in an amount to be determined at trial plus interest from the date of judgment;

6.4    Award plaintiff punitive damages from the individual defendants in amounts to be determined at trial plus interest from the date of judgment;

6.5    Award plaintiff her costs and attorneys fees pursuant to 42 USC § 1988; and

6.6    Grant such other relief as may be just and appropriate.

DATED this 6th day of April, 2007.

OREGON LAW CENTER

/s Spencer M. Neal

_____
Spencer M. Neal- OSB# 77286
Of Attorneys for Plaintiff