UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABIE ILIAS,

        Plaintiff,                              Civil No. 07-513-ST

       v.                                    ORDER

DONALD JOHNSON, OFFICER
CHARLES LOVELL and OFFICER
RON CASH,

        Defendants.

HAGGERTY, Chief Judge:

        Magistrate Judge Stewart issued a Findings and Recommendation [38] recommending that the summary judgment motion filed by defendant Donald Johnson (Johnson) should be denied. Objections to portions of the Findings and Recommendation were filed by Johnson. The matter was then referred to this court for review.

        When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Johnson filed objections in a timely manner. The court has given

1 -- ORDER

the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, Johnson's objections, and the Record of the case.

BACKGROUND

Plaintiff brought this action against defendants alleging violations of her rights under the First and Fourth Amendments to the United States Constitution. Her claims arise from events taking place when plaintiff attended Jefferson High School (Jefferson) in Portland, Oregon. Defendant Johnson was the Dean of Students at Jefferson, and defendants Charles Lovell (Lovell) and Ron Cash (Cash) were two officers of the Portland Police Bureau who were assigned to Jefferson as School Resource Officers.

Plaintiff alleges that on March 2, 2006, defendants overreacted to plaintiff's tardiness and attire and subjected her to an unreasonable seizure and detention in violation of the Fourth Amendment. Plaintiff also alleges that defendant Cash violated her right to be free from compelled speech in violation of the First Amendment. Specific descriptions of what occurred to plaintiff at school on March 2, 2006, are provided in the Findings and Recommendation, and only aspects that are relevant to the objections need be addressed below.

Johnson advanced a motion seeking summary judgment on grounds that there is no genuine issue of material fact regarding whether he violated plaintiff's Fourth Amendment rights or, alternatively, that he is entitled to qualified immunity for any alleged transgressions. The Findings and Recommendation considered his assertions that he was not responsible for supervising the defendant police officers at Jefferson, but concluded that there was sufficient evidence suggesting that plaintiff's seizure occurred by or at the direction of Johnson. Findings and Recommendation at 7-8.

The Findings and Recommendation also rejected Johnson's invocation of qualified immunity, concluding that plaintiff's "seizure was neither justified at its inception nor reasonably

2 -- ORDER

related to the circumstances for which it was initiated." Findings and Recommendation at 13. Additionally, because the evidence in the case suggested that Johnson had some authority to control plaintiff's handcuffing and detention as well as the defendant officers' actions, the law regarding Johnson's duties was sufficiently clear to preclude qualified immunity. Findings and Recommendation at 9-14.

ANALYSIS

Johnson's objections reiterate his assertion that Johnson does not supervise the defendant officers, and contend that the Findings and Recommendation "goes entirely too far in finding that Johnson directed the details of how plaintiff was restrained." Objections at 4. Counsel denies that Johnson "directed" plaintiff's handcuffing, and argues that Johnson "took no direct action toward plaintiff" and that "there is no evidence in the record that Johnson had authority to prohibit the police officers from handcuffing plaintiff." Objections at 5. Finally, Johnson objects to the Findings and Recommendation's conclusion that he is not entitled to qualified immunity. Counsel contends that Johnson himself did not violate plaintiff's constitutional rights and that, as Dean of Students, he had no duty to intercede in the actions of the defendant officers.

After considering these objections and scrutinizing the record, this court finds that the reasoning of the Findings and Recommendation is sound and warrants adoption. Accepting the undisputed facts, and viewing the disputed facts in a light favorable to plaintiff, it is clear that Johnson's summary judgment motion must be denied. Johnson ordered plaintiff and her friend to return to his detention room. Objections at 2. After the girls were returned, Johnson instructed the defendant officers to "just have them sit down in a seat and when the bell rings they'll go to class." *Id*. Johnson also explained that "while they were sitting there, [he] would mull over whether or not [he] wanted to respond to their profanity addressed towards [him]." *Id*. Plaintiff's handcuffing occurred in Johnson's presence, after the officers attempted to carry out these

3 -- ORDER

directives. At the very least, there are substantive issues of material fact regarding the scope of Johnson's authority in his management of the detention room and his responsibilities to respond to the conduct occurring as he directed plaintiff's detention. Johnson's reliance upon the fact that he did not handcuff plaintiff himself is unpersuasive:

> Section 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). Moreover, personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. *Cf. Beverly v. Morris*, 470 F.2d 1356 (5th Cir. 1972). If state law imposes liability upon a public official for the acts of his subordinates, vicarious liability can also be imposed upon him under section 1983. *Hesselgesser v. Reilly*, 440 F.2d 901 (9th Cir. 1971).

*Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The evidence suggests that Johnson himself set into motion the conduct that he knew would result in infringements of plaintiff's constitutional rights. His decision to stay silent while the officers allegedly mistreated plaintiff is not evidence that he was powerless to intervene.

This court also adopts the Findings and Recommendation's analysis regarding qualified immunity:

4 -- ORDER

> Johnson was in charge of the detention room and gave the order to bring [plaintiff] back to the detention room and make her sit in a chair, which precipitated her handcuffing. Viewed in [plaintiff's] favor, the evidence indicates that the [officers] looked to Johnson for direction, took his direction, and acted to carry out Johnson's order to enforce school disciplinary policies.

Findings and Recommendation at 14.

Qualified immunity provides no shield for an individual who elected to stand idly by while a person with whom authority is shared, or over whom the individual may have supervisory authority, commits constitutional violations. *Id*. (citation omitted). In light of Johnson's explicit authority in his detention room, the deference shown to Johnson by the defendant officers and their acquiescence to his instructions, the Findings and Recommendation did not err in concluding that Johnson's duties were sufficiently clear so as to preclude the invocation of qualified immunity under these facts.

CONCLUSION

For the reasons provided herein, the Findings and Recommendation [38] is ADOPTED. Johnson's Motion for Summary Judgment [23] is denied.

IT IS SO ORDERED.

Dated this __4__ day of November, 2008.


        /s/ Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge